### DOWD-FEDER CO v SCHREYER

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10987.  Decided Jan 26, 1931

Quigley & Byrnes, Cleveland, for Dowd-Feder Co.

John H. McNeal, Cleveland, for Schreyer.

VICKERY, PJ.

In our judgment he had a good claim for damages.  It seems almost incredible that

he should not recover damages when he was walking quietly along the sidewalk, where he had a right to be, and an automobile that was driven so recklessly that the driver lost control of it so that it ran clear across the street over the curb and on to the sidewalk and pinned this man to the brick wall acting as a parapet and injured him. Our opinion is that the driver of the plaintiff in error's car is very lucky that he was not chargeable with manslaughter, for had the defendant in error fallen over that bridge, or been knocked over, he certainly would have been killed.

Several errors are urged why this verdict is not right. One is that there was no agency; that the doctrine of respondeat superior did not apply. On that question we think the plaintiff in error is surely wrong. True, the driver of the car owned the car, but he had a contract relation with his employers, the Dowd-Feder Company, to use that car in their business and they bought the gasoline, and as a part of the driver's business he was to use that car in their business in distributing circulars, and that very day he had gone to the office of the Dowd-Feder Company and loaded up his car with circulars and printed matter relating to the business of the Dowd-Feder Company which, I believe, was that of selling automobiles for the purpose of distributing those advertisements and for the purpose of drumming up customers. He had gone out with his car loaded with that printed matter to meet prospective buyers and went, I believe, to two or three places of prospective buyers, and then while returning to the office remembering that he had an engagement with another customer at the office, he was hurrying back to keep this engagement and drove at a rate of speed much in excess of what was safe and reasonable under these circumstances, when he lost control of his car and it skidded across the street over the curb up against the abutment and injured the plaintiff below in the manner stated. So on that question we have no hesitancy.

There is another question, however, that is much more burdensome and difficult, and that is, the learned counsel for the defendant asked to have a special verdict by the jury, and so he prepared a special verdict, and the counsel for the other side, Mr. McNeal, prepared a special verdict, both of which were submitted to the jury, but the one submitted by the plaintiff was in the form of questions, all of which could be answered by "yes" or "no"; and this form of verdict was adopted by the jury, they answering all of the questions by either "yes" or "no", and in those questions

thus answered was a complete finding of facts upon which recovery of a judgment might be based. The jury then found that if the court should find that the plaintiff was entitled to recover by the finding of facts made by it in the special verdict, he was entitled to recover $6150, and the trial court being in accord with the findings of the jury entered up a verdict for that much.

Now it is claimed by the learned counsel who asked for a special verdict that one adopted is not in proper form. Well, the writer of this opinion must confess that on first blush it does look as if it were more in the nature of special interrogatories than a special verdict, but the Fourth District sitting here by designation, in an opinion rendered by Judge Mauck, **Gendler v Cleveland Railway Company, 18 Oh Ap 48,** put the seal of approval upon this form of verdict, that is, a special verdict by questions and answers; and our own court in another case, **The General Light and Power Company v J. Lee Thompson,** reported in Volume 40 Unreported Opinions Court of Appeals Eighth District, page 1488, approved and affirmed a judgment based upon a special verdict, where the form assumed that of questions and answers. That verdict was prepared by Judge Wolf, who was sitting here by designation, the plaintiff's and the defendant's counsel, I believe, not being able to agree upon the proper form of a verdict, and so Judge Wolf prepared a verdict which was acquiesced in by both sides and it was submitted to the jury; and they brought in findings for the plaintiff in accordance with the verdict proposed by Judge Wolf, and found so much damage to the plaintiff, if the court should think he was entitled to a verdict.

So taking these two cases, we do not feel like holding that a special verdict cannot be rendered by questions and answers, although the writer of this opinion criticizes that form of verdict. It looks to the writer of this opinion as though it were more in the nature of answers to special interrogatories. We agree, however, that in those questions and answers all the facts were proved and set forth in the special verdict which would warrant plaintiff in having a verdict, and the amount, from the evidence in this case, is not excessive. Therefore, we do not feel like disturbing the verdict.

Another criticism is made; that the court charged the jury in this case. Well, the court simply told the jury what the issues were as made up from the pleadings and he did not do anything more than he probably should have done. It is admitted by the learned counsel for plaintiff in error

that had there been no special verdict ask-ed, the charge was unobjectionable. Now that being so and the special verdict having found the facts upon which a verdict could be based, what the court said to the jury does not become a matter of much moment, especially if he did not commit error in giving the jury a wrong slant of the law.

We have gone over this whole record and given it considerable thought and examined the authorities, and we have come to the conclusion that while the form of verdict might be criticized, so might one criticise the purpose for which these special verdicts are sought by those who seek to muddle a jury. But, however that might be, the law allows it and the parties are within their legal rights when they ask it, but we do not think that there is any miscarriage of jus-tice in this case. We think quite other-wise, that there was a great wrong done this defendant in error; that he was in-jured without any fault or negligence on his part and that he was where he had a right to be; that the servant of the plain-tiff in error was driving at an unreasonably high rate of speed in a dangerous place and lost control of his car and, as already stated, he was lucky that he could not have been prosecuted for manslaughter. It was not his fault that this man did not fall over the parapet and fall on the railroad tracks below.

Taking the whole record together, we can-not see any such error in it as would war-rant us in disturbing the judgment of the court below. It will, therefore, be affirmed.

LEVINE and WEYGANDT, JJ, concur.